IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUNRISE HOME HEALTH CARE, LLC, a Utah limited liability company, and MATTHEW BAKER, an individual,<br><br>　　Plaintiffs,<br><br>vs.<br><br>JILL ERICKSON, an individual, iCARE HOME HEALTH & HOSPICE, LLC, a Utah limited liability company,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION<br><br><br><br>Case No. 2:11-CV-605 TS |

　　This matter is before the Court on a Motion for Preliminary Injunction filed by Plaintiffs. Plaintiffs seek to enjoin Defendants: (1) from taking or using intellectual property, trade secrets or confidential information of Plaintiff Sunrise and (2) from using or benefitting from the provisional licenses issued to Defendant iCare on March 22, 2011, and April 11, 2011, or any other licensing subsequently received until this matter is resolved. For the reasons discussed below, the Court will deny the Motion.

I.  STATEMENT OF FACTS

Many of the facts at issue are in dispute given the preliminary nature of this case.  The key facts are that Plaintiff Matthew Baker and his former wife, non-party Emily Hunsaker, started Plaintiff Sunrise Home Health Care, LLC ("Sunrise").  The parties dispute the respective roles that Baker and Hunsaker played in the development of Sunrise.  Of particular relevance to this Motion, the parties greatly dispute who created Sunrise's Policies and Procedures Manual.  The parties also dispute the originality of that document.

After several years of marriage, Baker and Hunsaker decided to divorce.  As part of the divorce decree, Baker was awarded Sunrise and agreed to pay Hunsaker $212,500.  Baker made payments toward this amount for approximately one year.  Baker and Hunsaker ultimately entered into an agreement where they would both be 50% partners, but Hunsaker would run the day-to-day operations of Sunrise.

Earlier this year, Hunsaker and her sister, Defendant Jill Erickson, decided to open iCare, a competing facility.  Plaintiffs allege that Defendants have taken Sunrise's Policies and Procedures Manual from Sunrise, which Plaintiffs claim is both a trade secret and protected by copyright, and used this in order to obtain licensing from the State of Utah.  Plaintiffs further allege that Defendants are recruiting both employees and clients from Sunrise, which has resulted in harm to Sunrise.  Defendants dispute these allegations.

II.  DISCUSSION

"A preliminary injunction is an extraordinary remedy, and thus the right to relief must be clear and unequivocal."[1]  In order for Plaintiff to be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[2]

A.     SUBSTANTIAL LIKELIHOOD OF SUCCESS

Though Plaintiffs' Complaint asserts a number of causes of action, only two are at issue in this Motion: (1) copyright infringement; and (2) misappropriation of trade secrets.

　　　　*1.     Copyright Infringement*

In order to prevail on a copyright infringement claim, Plaintiffs must establish: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.[3]

The first element consists of the following parts:

(1) originality in the author; (2) copyrightability of the subject matter; (3) a national point of attachment of the work, such as to permit a claim of copyright; (4) compliance with applicable statutory formalities; and (5) (if the plaintiff is not

---

[1] *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).

[2] *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

[3] *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009).

the author) a transfer of rights or other relationship between the author and the plaintiff so as to constitute the plaintiff as the valid copyright claimant.[4]

Plaintiffs have provided the Court with a copyright registration for the Sunrise Home Health Care Policies and Procedures.[5] "A plaintiff's presentation of a certificate of registration from the U.S. Copyright Office usually constitutes prima facie evidence of a valid copyright and of the facts stated in the certificate."[6] However, this presumption does not apply when the work was published more than five years before the registration.[7] Here, the Policies and Procedures were published in 2003, but the registration did not occur until 2011, well after the five year period. This does not invalidate the copyright, but simply means that Plaintiffs are not automatically entitled to the prima facie presumption of copyright validity.[8]

Without the presumption of validity, Plaintiffs bear the burden of proving ownership of a valid copyright. At the hearing on the Motion, Plaintiff Baker testified that he created the Policies and Procedures Manual. However, Defendants presented compelling evidence disputing both the originality of the work and Baker's role, if any, in creating it. Specifically, Defendants presented evidence that Ms. Hunsaker, not Mr. Baker, was the author of the Policies and Procedures Manual and that most of the information comprising the Manual came from Ms.

---

[4] 4 Nimmer on Copyright § 13.01.

[5] Docket No. 4, Ex. A.

[6] *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005) (citing 17 U.S.C. § 410(c)).

[7] 17 U.S.C. § 410(c).

[8] *See Cameron v. Graphic Mgmt. Assocs., Inc.*, 817 F.Supp. 19, 23 (E.D. Pa. 1992).

Hunsaker's previous employer. As a result of this evidence, the Court finds that Plaintiffs have failed to show a substantial likelihood of success on their copyright infringement claim.

   2.   *Misappropriation of Trade Secrets*

Under the Utah Uniform Trade Secrets Act, a plaintiff may seek damages and injunctive relief for "actual or threatened" misappropriation of its trade secret.[9] Analysis under the Act takes place in two steps. First, the Court must determine whether the information in question constitutes a trade secret entitled to the Act's protection. Second, the Court must determine whether the trade secret was misappropriated. Only the first step is at issue here.

The threshold issue in any trade secret misappropriation case under the Utah Uniform Trade Secrets Act is "whether, in fact, there is a trade secret to be misappropriated."[10] Whether certain information "constitutes a trade secret is a question of fact."[11] According to the Act,

> "Trade Secret" means information, including a formula, pattern, compilation, program, devise, method, technique, or process that:
> (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
> (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.[12]

---

[9] Utah Code Ann. §§ 13-24-3(1), 13-24-4(1).

[10] *Medspring Group, Inc. v. Feng*, 368 F. Supp. 2d 1270, 1276 (D. Utah 2005) (quoting *Novell, Inc. v. Timpanogos Research Group, Inc.*, 45 U.S.P.Q.2d 1197, 1212 (Utah Dist. Ct. 1998)).

[11] *Envirotech Corp. v. Callahan*, 872 P.2d 487, 494 (Utah Ct. App. 1994).

[12] Utah Code Ann. § 13-24-2(4).

As with the copyright claim, the parties presented conflicting evidence on both of these elements. First, there is conflicting evidence on the issue of whether the Policies and Procedures Manual derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. While it is certainly true that, in some circumstances, materials such as the Policies and Procedures Manual may have some independent economic value from not being known, the Court cannot find, at this time, that the Manual has such a value.

Second, there is a dispute as to whether Plaintiffs took reasonable efforts to maintain the secrecy of the Policies and Procedures Manual. Mr. Baker testified that he took efforts to maintain the secrecy of the Manual. Defendants, on the other hand, presented evidence from several witnesses who testified that the Policies and Procedures Manual was stored on an accessible drive and could be easily accessed by a number of people.

Based on the evidence presented, the Court finds that Plaintiffs have failed to show a substantial likelihood of success on the misappropriation claim as they have not shown that the documents at issue constitute trade secrets.

B.  IRREPARABLE HARM

Plaintiffs argue that they will suffer irreparable harm if Defendants are allowed to continue to operate. Plaintiffs argue that by using the Policies and Procedures Manual, iCare has been able to obtain a license. Plaintiffs assert that, with that license, iCare will be able to entice patients and employees away from Sunrise, which will negatively impact Sunrise. Plaintiffs

further argue that there is a presumption of irreparable harm when a plaintiff makes a showing of substantial likelihood of success on a copyright infringement claim.

Turning first to the presumption of irreparable harm, the Court finds that it is unlikely that such a presumption survives the Supreme Court decision of *eBay Inc. v. MercExchange, LLC*,[13] wherein the Court rejected the application of categorical rules in injunction cases.[14] Even if such a presumption did survive, however, it is premised on a finding that Plaintiffs have shown a likelihood of success on the merits. As set forth above, Plaintiffs have not made such a showing here. Therefore, no presumption will be applied.

Irreparable harm is harm which cannot be compensated by monetary damages.[15] Most of the damages complained of by Plaintiffs can easily be compensated by money damages. As the Tenth Circuit has explained "loss of business can be compensated in money damages."[16] Other items, such as a loss of good will or reputation may constitute irreparable harm. However, the Court finds that Plaintiffs have failed to produce sufficient evidence to support such damages at this time. Therefore, the Court finds that Plaintiffs have failed to show irreparable harm.

---

[13] 547 U.S. 388 (2006).

[14] *Id.* at 392-94; *see also Salinger v. Colting*, 607 F.3d 68, 82 (2d Cir. 2010) (rejecting presumption of irreparable injury from a showing of likelihood of success on the merits in copyright cases).

[15] *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) ("It is . . . well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages.").

[16] *Port City Properties v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008).

C.  BALANCE OF HARDSHIPS

Plaintiffs have similarly failed to show that the balance of the hardships weighs in favor of the issuance of an injunction. While Plaintiffs complain that the failure to issue an injunction will result in a loss of business, the injunction they seek will completely shutter iCare. Therefore, the hardship to the parties is, at most, equally balanced between the parties.

D.  PUBLIC INTEREST

Plaintiffs also argue that the public interest favors the issuance of the injunction. There is an obvious public interest in the protection of copyright and trade secrets. However, there is a competing public interest in favor of competition and against wrongfully issued injunctions. Where Plaintiffs have failed to show a substantial likelihood of success on the merits, the Court finds that this element does not weigh in favor of issuing an injunction.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Preliminary Injunction (Docket No. 3) is DENIED.

DATED   July 28, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge